IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301-1400, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

Plaintiff, Judicial Watch, Inc., brings this action against Defendant, U.S. Department of Defense, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and disseminates its

findings and any records to the American public to inform them about "what their government is up to."

4. Defendant, U.S. Department of Defense ("Defendant"), is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. In December of 2022, the Department of Defense issued a report entitled "Report to the Committees on Armed Services of the Senate and House of Representatives: 2019 World Military Games" (available at https://download.militaryonesource.mil/12038/MOS/Reports/2019-WorldMilitaryGames-ReportDec2022.pdf). The 2019 World Military Games were held in Wuhan, China. The report stated that "7 service members who attended the games exhibited COVID-19-like signs and/or symptoms" during the time surrounding their attendance of the World Military Games. After the report was made public on or about April 9, 2025, it was the subject of significant public interest and national media coverage.

6. On April 28, 2025, Plaintiff submitted a FOIA request to the Office of the Secretary of Defense/Joint Staff ("OSD/JS"), a component of Defendant, seeking access to the following public records:

> All reports, studies, memoranda, and/or analyses produced by or sent to the Joint Chiefs, Secretary of Defense, and/or Deputy Secretary of Defense related to US military personnel contracting a SARS-like or Covid-19-like virus at the Wuhan Games in October 2019.

The request was submitted via the OSD/JS FOIA Public Access Link. The timeframe for the request was identified as "October 1, 2019, through October 1, 2021."

7. In an interim response letter dated April 30, 2025, Defendant acknowledged receipt of Plaintiff's request on April 29, 2025. Defendant also advised Plaintiff that the request had been assigned FOIA case number 25-F-3108.

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by May 19, 2025, at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt

records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 9, 2025                                                     Respectfully submitted,

*/s/ Patrick O. Francescon*
PATRICK O. FRANCESCON
DC Bar No. 1781161
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: pfrancescon@judicialwatch.org

*Counsel for Plaintiff*